UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARNEST WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:04CV1360-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support of the motion is before the Court. The Government has responded (#9) and offered another response to a supplementary issue IV (#12), and Petitioner has filed a traverse (#14). The matter has been fully briefed and is ready for a ruling.

Petitioner was initially charged in a two-count indictment. Count I was murder for hire and Count II was conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958(a). Trial on this indictment resulted in a hung jury following which a superseding indictment was filed adding a count of conspiracy to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 846.[1] Following trial on the superseding indictment a jury found petitioner guilty of Count I, the conspiracy to distribute in excess of one kilogram of heroin, and of Count II, the conspiracy to commit murder for hire. Petitioner was found not guilty on the murder for hire, Count III.

This Court sentenced petitioner to two concurrent life sentences on November 16, 2000. The judgment and sentence was affirmed, on appeal, January 31, 2003. U.S. v. Washington, 318 F.3d 845

---

[1] In the superceding indictment, Count I alleged the drug conspiracy, Count II, the conspiracy to commit murder for hire, and Count III, the murder for hire.

(8th Cir. 2003). The United States Supreme Court denied certiorari. Washington v. U.S., 540 U.S. 899 (2003).

Petitioner's Jones, Booker, Blakely and Apprendi Claims[2]

Petitioner states that his sentence was imposed in violation of the Sixth Amendment to the Constitution in that he was sentenced to life on the conviction for conspiracy to commit murder for hire when there was no jury finding beyond a reasonable doubt that a murder occurred. In effect, petitioner states that Blakely is applicable in that the occurrence of the murder is an element of the offense that must be proved beyond a reasonable doubt by the jury in order to convict on the murder conspiracy charge.

Petitioner's conviction was final before the decision was issued in Booker. In any event, assuming the validity of petitioner's claim, he still is not entitled to retroactive relief under the Booker holding.

In United States v. Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakely, which was Apprendi, was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakely from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523). The same reasoning also prevents Booker from

---

[2] U.S. v. Jones, 526 U.S. 227 (1999), U.S. v. Booker, 543 U.S. 220, 125 Sup. Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2

being applied retroactively in this case.

Although the gravamen of the motion is that movant's sentence was imposed in accordance with a federal statutory provision that was declared unconstitutional in Booker most circuits that have considered the issue have decided that Booker does not apply retroactively to cases on collateral review. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1340-41 (11th Cir. 2005).

As stated by the Government in its brief at page 7, footnote 3, all of the Courts of Appeals which have considered the problem have held that Apprendi is a procedural rule that does not fall within the watershed exception and that Apprendi claims are therefore not cognizable on collateral review.[3]

On this issue, petitioner's Booker claim should be ruled against him. Certainly it cannot be asserted as a § 2255 claim for ineffective assistance of counsel as petitioner's conviction was final prior to the Court's decision in Booker.

## Petitioner's Claims of Ineffective Assistance of Counsel

1.  Standard of Review. To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonable-

---

[3] Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

3

ness." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.. at 694.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id.
>
> To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id.; *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair').

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

2.  Assertion of Error in Conspiracy Overt Acts Instruction. The jury was instructed on the essential elements as to the crime of Conspiracy to Commit murder for hire as charged in Count II of the indictment. In Count II of the indictment, seven overt acts were alleged. The trial court gave as

4

instruction No. 20 the essential elements instruction recommended in the Eighth Circuit Manual of Model Jury Criminal Instructions, § 5.06(A). Element four instructed the jury that "while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more of the overt acts listed in Count II of the indictment for the purpose of carrying out or carrying forward the agreement or understanding."

In instruction No. 23, the Court told the jury in considering overt acts, "It is not necessary that the government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy. It is sufficient if the government proves, beyond a reasonable doubt, one such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done."

Petitioner asserts that his counsel was ineffective because he did not request some type of special interrogatory requiring the jury to describe which overt act was done by the unanimous agreement of the members of the jury.[4] This Court finds that such an instruction or finding by the jury is not required.

There is ample evidence here to support a finding that all overt acts, as alleged in Count II, were committed. The one exception is the fifth overt act as alleged. This assertion was that "On or about May 6, 1998, Fortenberry and Washington murdered both Anthony Smith and Gerondrick Jackson at 5071 Durant." Since the jury found for petitioner as to the murder alleged in Count 3 of

---

[4] This argument is not appropriate as to Count I, the drug conspiracy count. The indictment in Count I did not include a charge of overt acts. See United States v. Shabani, 513 U.S. 10, 14, 115 S.Ct. 382, 385 (130 L.Ed.2d 225 (1994) (in a prosecution under 21 U.S.C.A. § 846 for conspiracy to distribute cocaine, the Court unanimously held that "(i)(n) order to establish a violation of (§ 846), the government need not prove the commission of any overt acts in furtherance of the conspiracy," because the conspiracy itself is the criminal act.). The charge in Count I here was a prosecution under 21 U.S.C.A. and § 846.

5

the indictment, obviously that portion of the fifth overt act was not proved.

In the decision affirming the judgment, verdict and sentence, the Court set out extensive findings of fact supporting the finding of guilt as to Count II, the conspiracy to commit murder for hire. U.S. v. Washington, 318 F.3d at 853 and 854. Those findings support the alleged overt acts.

Since there is ample evidence in the record to support the commission of the overt acts as alleged, with the exception mentioned, there was no need for the jury to be required to particularize those findings. Instruction No. 20 provides that if the government proves beyond a reasonable doubt one of the overt acts, that is sufficient. Accordingly as there is evidence to prove beyond a reasonable doubt all of such acts were committed, again with the exception noted herein, the jury need not be required to state that all of such overt acts were committed or only some were. U.S. v. Hermes, 847 F.2d 493, 495 (8th Cir. 1988).

In addition, as this issue was not raised on direct appeal, there is a procedural default. DeJan v. U.S., 208 F.3d 682, 685 (8th Cir. 2000). ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'")

Petitioner here is unable to meet the exceptions. He is unable to demonstrate cause and actual prejudice and actual innocence. The Court must assume that the jury followed the instructions. This is obvious as the jury found petitioner guilty of two charges and not guilty of a third. Accordingly, petitioner is procedurally barred from asserting this claim as well and his counsel was not ineffective in this area.

3. Assertion of error in essential elements instruction on conspiracy to commit murder for hire charge.

Petitioner also asserts that the charge was improper and his counsel was ineffective because there was an omission in the instructions that a death resulted from the conspiracy to commit murder for hire. This argument is without merit. In Count II of the indictment which was the conspiracy with intent that a murder be committed, certain "objects, purposes, manner and means" were alleged. The eighth object allegation was that "Fortenberry and Washington killed both Smith and Jackson after their arrival."

As stated, Instruction No. 20 sets out four essential elements required to be found by the jury in order to find petitioner guilty of Count II of the indictment. No one of these essential elements set out that a murder had actually been committed. Nonetheless, it is obvious that the jury found that a murder had been committed as petitioner's co-defendant, Wendell Fortenberry, was found guilty of Count III which was murder for hire. This is the same murder addressed in Count II, the conspiracy count. Thus, there is no error in failing to include in the essential element instruction that a murder had actually been committed and his counsel was not ineffective because he failed to object to the content of that instruction.

In any event, while the jury was not instructed that it must find a murder was committed, it is an accepted rule that whether the object of the conspiracy is achieved, is immaterial to the crime of conspiracy. U.S. v. Nicoll, 664 F.2d 1308, 1315 (5th Cir.), cert. denied 457 U.S. 1118, 102 S. Ct. 2929, 73 L.Ed 2d 1330 (1982). In fact, there is an Eighth Circuit Model Jury Instruction, 5.06E stating:

"It is not necessary for the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan."

In fact, the Court virtually instructed the jury on this point in Instruction No. 19. That

instruction tells the jury that there are different findings that must be made as to Count II, which was the conspiracy to commit murder and Count III which was the commission of murder for hire. In the last sentence of Instruction No. 19, the Court told the jury "You may use those definitions in considering whether a defendant conspired to commit murder for hire, keeping in mind that the charges in Count II of the Indictment charge a conspiracy to commit murder for hire and not that murder for hire was committed." Accordingly, in effect, the jury was actually instructed that they could find a defendant guilty of conspiracy to commit murder for hire when the object was not accomplished, but that in Count III the jury must find that the murder was actually committed.

The Court finds that the jury was instructed properly in this area and that counsel was not ineffective in failing to request the Court to instruct in any other way with respect to Count II.

4. <u>Failure of counsel to argue that petitioner withdrew from the conspiracy.</u>

Petitioner asserts he withdrew from the conspiracy before May 6,1998 and before the one kilogram of heroin was recovered from co-conspirators Lee Parrish and Tony White in 1999. Thus, his counsel was ineffective in failing to insist the jury be instructed on this point and that he was not involved in heroin transactions in excess of one kilogram. The evidence clearly shows that Anthony Smith and Gerondrick Jackson were murdered on May 6, 1998. There is ample evidence to show that petitioner was engaged in the conspiracy to distribute in excess of one kilogram of heroin beginning in 1997 up to the date of the murders. There is also substantial evidence to show that there was more than one kilogram of heroin involved.

The principal evidence came from co-conspirator Thomas Manley. He began purchasing and selling quantities of heroin beginning in 1997 as a part of the conspiracy. He stated he sold quantities of heroin to petitioner and defendant Fortenberry beginning in the winter of 1997 up to the time of

8

the murders. Most of the deliveries would be at Fortenberry's house at 5073 Durant and after January 1998, Manley dealt primarily with petitioner. Petitioner would buy between one-half ounce to one and one-half ounces of heroin on each transaction. Manley stated that he delivered two and a half ounces of heroin to petitioner and Fortenberry on or about the time of the murders. There is no evidence to suggest that petitioner withdrew from the conspiracy before the time Parrish and White were arrested, having possession of over one kilogram of heroin. Some of these facts were found by the appellate court when the verdict in this case was sustained. U.S. v. Washington, 318 F.3d at 854. ("Fortenberry and Washington then asked Manley to call Young in Los Angeles and ask if they could do the murders for five ounces of heroin. Manley testified that he called Young in Los Angeles and got his approval. Following the murders, Manley met with Fortenberry and Washington, individually, giving them each two and one-half ounces of heroin.").

While the issue of petitioner withdrawing from the conspiracy was not raised on appeal, the sufficiency of the evidence to support the verdict was. Issues raised and decided on direct appeal cannot ordinarily be re-litigated in a collateral proceeding based on 28 U.S.C. § 2255. Bear Stops v. USA, 339 F.3d 777, 780 (8th Cir. 2003), U.S. v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001), U.S. v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000), Coleman v. USA, 2005 WL 3021104 (E.D.Mo.).

There is certainly no showing that petitioner's counsel fell below an objective standard of reasonableness in this area.

5.     Failure of counsel to object to inconsistent verdicts.

Petitioner claims his counsel was ineffective for failure to assert that the verdicts were inconsistent. He claims that it is inconsistent for the jury to find him not guilty of murder but guilty of conspiracy to commit murder. The appellate court has ruled on this point. U.S. v. Washington, 318

9

F.3d at 853, n. 5.

> "Washington also argues that he cannot be convicted for conspiracy to commit murder for hire while being acquitted for the underlying crime, murder for hire, because the two verdicts are inconsistent. This result is not necessarily inconsistent. Even if it were, this court has rejected this line of argument. See, e.g., United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998) ('The only relevant question when reconciling inconsistent verdicts . . . is whether there was enough evidence presented to support the conviction. Inconsistent verdicts are not, on their own, sufficient grounds for reversal or a new trial.')"

Again, since this point was raised on direct appeal and decided, it cannot be re-litigated in a § 2255 proceeding. See Bear Stops, Wiley and McGee, supra.

6. <u>Failure of counsel to assert insufficient nexus to an interstate facility to prove the conspiracy to commit murder for hire.</u>

Once again, the findings by the appellate court show a sufficient interstate nexus, U.S. v. Washington, 318 F.3d at 852, 853 and 854. There were various telephone calls to and from co-conspirator Manley, in California, to other co-conspirators in Missouri. Many of the conversations involved the implementation of the murders and the payment of heroin as consideration. The final agreement occurred between co-conspirators Manley in St. Louis and Young in California. Manley, in Missouri, called Young in Los Angeles and Young agreed to pay certain amounts of heroin for petitioner and Fortenberry to kill Anthony Smith.

In fact, the Court properly instructed the jury as to the nexus issue. Instruction 25 told the jury that:

> "It is not necessary for the United States to prove that any travel or use of the facilities in interstate commerce was contemplated or planned at the time that the course of activity began, or that the defendant under consideration knew he or someone else would actually use the mail or facilities in interstate commerce as part of the activity. It is sufficient to establish this element of the crime if the mail or a facility in interstate commerce was used as part of the course of activity charged in Count III and that one of the reasons for this use was to further the activity described in Count III.

10

A telephone communication from one state to another constitutes the use of a facility in interstate commerce.

It is not necessary for the United States to prove that a contract for the murder was in existence at the time of the travel or telephone communication. Nor is it necessary for the United States to prove that the consideration for the murder had been provided at the time of the travel or telephone communication."

In addition, this issue was not specifically raised on direct appeal and constitutes a procedural default. DeJan v. United States, 208 F.3d at 685.

Throughout petitioner's memo supporting his motion and his traverse, there are a variety of assertions which frequently readdress the points covered herein. Taken in their entirety, this Court finds that the performance of petitioner's counsel did not fall below an objective standard of reasonableness. Prejudice was not established because there is no reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different. Petitioner's request for relief should be denied.

Dated this 29th day of December, 2005.

*[signature: Stephen N. Limbaugh]*

SENIOR UNITED STATES DISTRICT JUDGE